Argued and submitted May 6, affirmed November 16, 1994, petition for review denied January 24, 1995 (320 Or 507)

Susan L. EWING-SWEARINGEN,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION
and Kaiser Permanente,
*Respondents.*

(93-AB-1581; CA A80537)

884 P2d 883

Kevin T. Lafky argued the cause for petitioner. With him on the brief was Lafky & Lafky.

J. Dean Taylor, Assistant Attorney General, argued the cause for respondent Employment Division. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Deborah L. Sather argued the cause for respondent Kaiser Permanente. With her on the brief were Eileen Drake and Stoel, Rives, et al.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

RIGGS, J.

**RIGGS, J.**

Claimant seeks review of the Employment Appeals Board's denial of her request to reopen her case. EAB determined that claimant failed to establish "good cause" for her failure to appear at a scheduled telephone hearing. We affirm.

On December 18, 1992, claimant was denied unemployment benefits because of misconduct connected with her work. Claimant timely requested a hearing, but was unable to provide a telephone number with her hearing request because she did not have a telephone at the time. Claimant received a notice which set forth the date and time of the hearing, and clearly indicated that the hearing was to take place over the telephone. The instructions on the notice directed claimant to immediately call the Employment Division (the Division) with her telephone number. The notice also stated, "If you do not have a telephone available for your use, contact the Hearings office that issued this notice to make other arrangements." Claimant received the notice more than one week before the scheduled telephone hearing, and she testified that she read and understood its contents.

Because she did not have a telephone, claimant went to the Division office 15 minutes before her telephone hearing was scheduled to begin. However, she did not inform anyone that she was there. At one point she asked where the hearings were held and was told that they took place "upstairs," where she had been previously waiting. After approximately an hour, a Division employee asked if she needed assistance, to which she replied that she was "waiting for a hearing." However, at that point, the time for her hearing had long passed. Claimant's request for a hearing was dismissed by the referee due to her "failure to appear." OAR 471-40-035(3)(c).

Claimant then requested reopening of her case. After a telephone hearing on the request for reopening, the referee determined that claimant failed to establish good cause for her failure to appear at the previous telephone hearing and denied her request. Claimant sought review of the referee's decision, and EAB affirmed.

Claimant first assigns error to EAB's finding that she "failed to appear" at her telephone hearing. We review for substantial evidence. ORS 183.482(8)(c). Under OAR

471-40-035(3)(c), the referee may dismiss a request for a hearing if the person requesting the hearing "fails to appear * * * at the time and place stated in the notice of hearing." Claimant was scheduled for a telephone hearing; therefore, she was required to "appear" by telephone. To "appear" by telephone, claimant needed to provide the Division with a telephone number and participate in the hearing via telephone. The notice of hearing did not advise claimant to appear in person for the telephone hearing. Although claimant was at the Division office on the day of the hearing, it is undisputed that claimant was not present *at the hearing*. Her presence at the Division office, without more, did not constitute "appearance" at her telephone hearing. There is substantial evidence to support EAB's finding.

■　　Claimant next assigns error to EAB's conclusion that she failed to establish good cause for reopening her case. We review for errors of law. ORS 183.482(8)(a). For the purposes of this opinion, "good cause" for reopening a case exists when "the circumstances causing the failure to appear are beyond the reasonable control of the party." OAR 471-40-040(2)(b).

This case presents sympathetic facts. However, the circumstances creating this situation were well within claimant's reasonable control. The notice clearly and unmistakably informed claimant that if she could not participate in the telephone hearing, she was to contact the Division immediately to make alternative arrangements. She received the notice of her hearing with enough time to seek clarification or further instructions from the Division. Claimant testified that she understood the contents of the notice, but after consultation with friends and neighbors, "thought it would be better if she showed up in person."

As noted above, claimant made an effort to appear in person on the day of her hearing, even arriving in advance of the scheduled time. However, her predicament was compounded by the fact that she failed to inform anyone that she was there in an attempt to appear in person for a telephone hearing. It was within claimant's control to make her presence known, particularly in a situation where the Division was trying to reach her by telephone and was not expecting her to appear in person. To find good cause for claimant's failure to appear in this case would invite disregard for the

simple and reasonable procedures that the Division has established to handle administrative hearings.

Affirmed.